UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
---------------------------------------------------------------------x

In re:

| | |
|---|---|
| **Barbara Ramos (fka Barbara Gonzalez),** | Case No. 19-35306-cgm |
| | Chapter 7 |
| | **HON. Cecelia G. Morris** |
| Debtor(s). | |

---------------------------------------------------------------------x

## MOTION FOR RELIEF FROM AUTOMATIC STAY

TO:    THE HONORABLE CECELIA G. MORRIS
        CHIEF UNITED STATES BANKRUPTCY JUDGE

Secured Creditor, NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d)(1) and (d)(2), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1.    Debtor(s), Barbara Ramos (fka Barbara Gonzalez), filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code on February 28, 2019. Debtor(s) are not infants, incompetent, or currently on active duty in the military service of the United States of America. See Federal Rule of Civil Procedure 55 Affidavit, attached hereto as Exhibit "A."

2.    On April 12, 2005, Debtor(s) executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $141,550.00 to BNY Mortgage Company LLC. The Mortgage was recorded on April 22, 2005 in Instrument ID#2005-00068403 of the Public Records of Sullivan County, New York. The Mortgage was assigned to Secured Creditor. True and accurate copies of documents establishing a perfected security interest

and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "B." The documents include copies of the Note with any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

3.  Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgements, mortgages, and security agreements in support of right to see a lift of the automatic stay and foreclose if necessary.

4.  The mortgage provides Secured Creditor a lien on the real property located at 50 Winslow Place, Liberty, NY 12754, in Sullivan County, and legally described as stated in the mortgage attached in Composite Exhibit "B."

5.  The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since June 1, 2018, with arrears in the amount of $19,021.44 as of May 1, 2019. A true and accurate copy of Secured Creditor's statement in regard to indebtedness and default is attached hereto as Exhibit "C." As per the Secured Creditor's statement the total amount due is $133,926.02.

6.  The stated value of the property is $109.100.00. See Exhibit "D" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

7.  Based upon the Debtor(s)' schedules, the property is surrendered and claimed as exempt. The Trustee has abandoned the property.

8.  Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured

Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

9. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

11. The Trustee shall be notified of any surplus monies realized upon sale of the property in a foreclosure proceeding brought by Secured Creditor.

12. No previous application has been made for the relief request herein.

13. Secured Creditor has incurred court costs in the amount of $181.00 (filing fee) and attorney's fees in the amount of $750.00, in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

14. Secured Creditor hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d)(1) and (d)(2) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and for any such further relief as this Honorable Court deems just and appropriate.

Dated:  May 16, 2019
        Westbury, NY

                                        By: /s/ Barbara Whipple
                                        Barbara Whipple, Esq.
                                        Attorneys for Movant
                                        900 Merchants Concourse, Suite 310
                                        Westbury, New York 111590
                                        bwhipple@rasflaw.com