UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION

-----------------------------------------------------------------x

In re:

**Barbara Ramos (fka Barbara Gonzalez),**          Case No. 19-35306-cgm

                                                   Chapter 7

                                                   **HON. Cecelia G. Morris**

           Debtor(s).

-----------------------------------------------------------------x

## <u>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM STAY</u>

  Secured Creditor, NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, by and through the undersigned counsel, moves this Court, pursuant to 11 U.S.C. §§ 362(d)(1)(2), for a modification of the automatic stay provisions for cause, with respect to the property located at 50 Winslow Place, Liberty, NY 12754, and in support thereof, states the following:

Bankruptcy Code Section 362(d) provides that:

  On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -

   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

   (2) with respect to a stay of an act against property under subsection (a) of this section, if-

    (A) the debtor does not have equity in such property; and

    (B) such property is not necessary to an effective reorganization

Although Movant has the burden of proof on the issue of debtor's equity, the party opposing the relief has the burden of proof on all other issues. *11 U.S.C. §362(g).*

Courts have observed that "[t]he congressional purpose of [adequate protection] is to 'ensure that the secured creditor receives in value essentially what he bargained for'" *Emplexx Softwared Corp. v. AGI Software, Inc. (In re AGI Software, Inc.)*, 199B.R. 850, 861 (Bankr. D.N.J. 1995).

Adequate protection applies only to the value of the property.  *United Savings Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365 (1988).  "[I]n determining whether a secured creditor's interest is adequately protected, most courts engage in an analysis of the property's 'equity cushion' - - the value of the property after deducting the claim of the creditor seeking relief from the automatic stay and all senior claims." *Nantucket Invs. v. California Fed. Bank (In re Indian Palms Assocs., Ltd.)* 61 F.3d 197, 207 (3rd Cir. 1995).  "Many courts have focused on the presence or absence of an equity cushion in determining whether a secured creditor has adequate protection of his collateral."  *In re Cardell*, 88 B.R. 627, 632 (Bankr. D.N.J 1998)(finding that "there is no 'equity cushion' in the property which might serve to provide adequate protection to [the moving party] and justify any delay in lifting the automatic stay for cause under §362(d)(1); *Perin v. N-Ren Corp. (In re N-Ren Corp.),* 65 B.R. 661, 663 (Bankr. S.D. Ohio 1986) (granting relief from the automatic stay where mortgagee had no equity cushion).

Based on the stated value of the subject property, Movant's debt exceeds the value of the Property and, therefore, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the property described herein, and grant all

additional relief as requested in the Motion for Relief from the Automatic Stay, and any such

further relief as this Honorable Court deems just and appropriate.

May 16, 2019
Westbury, NY

By: /s/ Barbara Whipple____
Barbara Whipple, Esq.
Attorneys for Movant
900 Merchants Concourse, Suite 310
Westbury, New York 111590
bwhipple@rasflaw.com